IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT L. EISON,<br><br>    Petitioner,<br><br>  v.<br><br>GARY SWARTHOUT,<br><br>    Respondent. | No. C 13-5268 WHA (PR)<br><br>**ORDER TO SHOW CAUSE;**<br>**GRANTING LEAVE TO PROCEED**<br>**IN FORMA PAUPERIS** |

## INTRODUCTION

Petitioner, a California prisoner incarcerated at Salinas Valley State Prison, filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. 2254. For the reasons discussed below, respondent is ordered to show cause why the petition should not be granted.

## STATEMENT

Petitioner was convicted in 2011 of various sex offenses against a minor. His sentence of 22 years and four months in state prison included an enhancement for great bodily injury. The judgment was affirmed by the California Court of Appeal and the California Supreme Court denied the petition for review.

## ANALYSIS

**A.    STANDARD OF REVIEW**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in

violation of the Constitution or laws or treaties of the United States." 28 U.S.C. 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott,* 512 U.S. 849, 856 (1994). An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief which are available to the petitioner ... and shall set forth in summary form the facts supporting each of the grounds thus specified." Rule 2(c) of the Rules Governing Section 2254 Cases, 28 U.S.C. foll. 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

**B.   LEGAL CLAIMS**

Petitioner claims that there was insufficient evidence to support the enhancement of great bodily injury. When liberally construed, this claim is sufficient to warrant an answer from respondent.

**CONCLUSION**

1. The clerk shall mail a copy of this order and the petition with all attachments to the respondent and the respondent's attorney, the Attorney General of the State of California. The clerk shall also serve a copy of this order on the petitioner.

2. Respondent shall file with the court and serve on petitioner, within ninety-one days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on the claim found cognizable above. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within twenty-eight days of the date the answer is filed.

3. Respondent may file, within ninety-one days, a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the

Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition within twenty-eight days of the date the motion is filed, and respondent shall file with the court and serve on petitioner a reply within fourteen days of the date any opposition is filed.

4. Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel. Petitioner must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

5. Petitioner has shown that he has made numerous attempts to pay the filing fee from his prison trust account, but prison officials have failed to transmit payment to the court. Requiring him to pay the filing fee under these circumstances would appear to be futile. Petitioner is GRANTED leave to proceed in forma pauperis and no fee is due.

**IT IS SO ORDERED.**

Dated: February 4, 2014.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3