United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ROBERT L. EISON,

    Petitioner,

  v.

GARY SWARTHOUT, Warden,

    Respondent.

                                /

No. C 13-5268 WHA (PR)

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

## INTRODUCTION

This is a federal habeas corpus action filed by a state prisoner pursuant to 28 U.S.C. 2254. Respondent was ordered to show cause why the writ should not be granted based on the claim set forth in the petition. Respondent has filed an answer and a supporting memorandum of points and authorities. Petitioner filed a traverse in response. For the reasons set forth below, the petition is **DENIED**.

## STATEMENT

In 2011, a jury in Alameda County convicted petitioner of three counts of lewd acts on a child, one count of sexual penetration by foreign object, and two counts of forcible rape. The jury found to be true an allegation that petitioner inflicted great bodily injury on the victim in conjunction with one of the rape charges. The trial court sentenced petitioner to a term of 22 years and four

months in state prison. The California Court of Appeal affirmed his conviction on appeal (Exh. 2). A petition for review to the California Supreme Court was denied (Exh. 7).

The following background facts describing the charges are taken from the opinion of the California Court of Appeal, *People v. Eison*, No. A134043, 2012 WL 3990536 (Cal. Ct. App. Sep. 12, 2012). Petitioner began molesting his stepdaughter in 2008, when she was 14 years old. After she turned 15, petitioner threatened to post nude photos of her on the internet if she did not have sex with him. Petitioner had sex with his stepdaughter for the first time in May 2009 and approximately seven more times thereafter. In June 2009, his stepdaughter discovered she was pregnant. She informed petitioner of her pregnancy, but he continued to have sex with her until July 2009, when her mother learned of petitioner's conduct. Her mother brought her to the hospital, where an abortion was performed. DNA analysis and testing confirmed petitioner's paternity of the fetus.

## ANALYSIS

### A. STANDARD OF REVIEW

A district court may not grant a petition challenging a state conviction or sentence on the basis of a claim that was reviewed on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. 2254(d). The first prong applies both to questions of law and to mixed questions of law and fact, *Williams (Terry) v. Taylor*, 529 U.S. 362, 407-09 (2000), while the second prong applies to decisions based on factual determinations, *Miller El v. Cockrell*, 537 U.S. 322, 340 (2003).

A state court decision is "contrary to" Supreme Court authority, that is, falls under the first clause of 2254(d)(1), only if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams (Terry)*, 529 U.S. at 412 13. A state court decision is an "unreasonable application of" Supreme Court authority, falling

1    under the second clause of 2254(d)(1), if it correctly identifies the governing legal principle from the
2    Supreme Court's decisions but "unreasonably applies that principle to the facts of the prisoner's
3    case." *Id.* at 413.  The federal court on habeas review may not issue the writ "simply because that
4    court concludes in its independent judgment that the relevant state court decision applied clearly
5    established federal law erroneously or incorrectly." *Id.* at 411.  Rather, the application must be
6    "objectively unreasonable" to support granting the writ. *See id.* at 409.

7    "Factual determinations by state courts are presumed correct absent clear and convincing
8    evidence to the contrary." *Miller El*, 537 U.S. at 340.  This presumption is not altered by the fact
9    that the finding was made by a state court of appeals, rather than by a state trial court. *Sumner v.*
10   *Mata*, 449 U.S. 539, 546 47 (1981); *Bragg v. Galaza*, 242 F.3d 1082, 1087 (9th Cir.), *amended*, 253
11   F.3d 1150 (9th Cir. 2001).  A petitioner must present clear and convincing evidence to overcome
12   Section 2254(e)(1)'s presumption of correctness; conclusory assertions will not do. *Ibid.*

13   Under 28 U.S.C. 2254(d)(2), a state court decision "based on a factual determination will not
14   be overturned on factual grounds unless objectively unreasonable in light of the evidence presented
15   in the state court proceeding." *Miller El*, 537 U.S. at 340; *see also Torres v. Prunty*, 223 F.3d 1103,
16   1107 (9th Cir. 2000).

17   When there is no reasoned opinion from the highest state court to consider the petitioner's
18   claims, the court looks to the last reasoned opinion, which in this case is that of the California Court
19   of Appeal. *See Ylst v. Nunnemaker*, 501 U.S. 797, 801-06 (1991).

20   **B.    ISSUE PRESENTED**

21   As grounds for federal habeas relief, petitioner asserts that there was insufficient evidence to
22   support the sentence enhancement for great bodily injury on one of the rape charges.  The great
23   bodily injury enhancement was based solely on the fact of the victim's pregnancy and subsequent
24   abortion.  Petitioner argues that, without further evidence of physical damage or harm to the victim
25   than the pregnancy and abortion, such as a medical examination or the victim's testimony, there was
26   insufficient evidence of great bodily injury.

27   A state prisoner states a constitutional claim if he alleges that the evidence in support of his

3

state conviction cannot be fairly characterized as sufficient to have led a rational trier of fact to find guilt beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 321-24 (1979). A federal court reviewing collaterally a state court conviction does not determine whether it is satisfied that the evidence established guilt beyond a reasonable doubt. *Payne v. Borg*, 982 F.2d 335, 338 (9th Cir. 1992). The federal court "determines only whether, 'after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Ibid.* (quoting *Jackson*, 443 U.S. at 319). Only if no rational trier of fact could have found proof of guilt beyond a reasonable doubt, may the writ be granted. *Jackson*, 443 U.S. at 324. After AEDPA, a federal habeas court applies the standards of *Jackson* with an additional layer of deference. *Juan H. v. Allen*, 408 F.3d 1262, 1274 (9th Cir. 2005). Generally, a federal habeas court must ask whether the operative state court decision reflected an unreasonable application of *Jackson* to the facts of the case. *Id.* at 1275 (quoting 28 U.S.C. 2254(d)).

Under California law, any person who inflicts great bodily injury in the course of committing a specified sexual assault such as forcible rape, shall receive a five-year sentence enhancement. Cal. Pen. Code § 12022.8. The California Court of Appeal defined "great bodily injury" under California law as follows:

> Section 12022.7, subdivision (f) defines "great bodily injury" as a "significant or substantial physical injury." Whether the physical harm suffered by the victim constitutes a great bodily injury is a question of fact for the jury. (*People v. Escobar* (1992) 3 Cal.4th 740, 750.) Proof that a victim's bodily injury is great is commonly established by evidence of the severity of the victim's physical injury, the resulting pain, or the medical care required to treat the injury. (*People v. Cross* (2008) 45 Cal.4th 58, 66; *People v. Harvey* (1992) 7 Cal.App.4th 823, 827–828.) " ' "If there is sufficient evidence to sustain the jury's finding of great bodily injury, [the court] is bound to accept it, even though the circumstances might reasonably be reconciled with a contrary finding." ' " (*People v. Escobar*, *supra*, 2 Cal.4th at p. 750.)

*People v. Eison*, No. A134043, 2012 WL 3990536, at *1 (Cal. Ct. App. Sep. 12, 2012).

The California Court of Appeal found that "it has long been recognized that pregnancy resulting from a forcible rape or similar sex offense is sufficient to support a finding of great bodily injury." *Id.* at *2. Most notably, the California Supreme Court in *People v. Cross*, 45 Cal. 4th 58,

4

63-64 (2008), held that evidence of a pregnancy resulting from unlawful intercourse may support a finding of great bodily injury, even without medical complications. The opinion in *Cross* also reiterated that "determining whether a victim has suffered physical harm amounting to great bodily injury is not a question of law for the court but a factual inquiry to be resolved by the jury." *Id.* at 64. Therefore, the California Court of Appeal was bound to accept the jury's finding that the victim's pregnancy was sufficient evidence of great bodily injury. *People v. Eison*, No. A134043, 2012 WL 3990536, at *2 (citing *People v. Escobar*, 2 Cal. 4th 740, 750 (1992)).

Petitioner does not argue that there was insufficient evidence to prove his conduct, but rather that his conduct does not amount to a violation of California law against great bodily injury. He contends that the victim did not "complain of pain, discomfort or disability" (Pet. 5), but he does not dispute the actual pregnancy, paternity, or subsequent abortion. As such, his claim is premised on his disagreement with the state appellate court on a question of state law.

A state court's interpretation of state law, including one announced on direct appeal of the challenged conviction or one made by an intermediate appellate court in the absence of persuasive data that it is contrary to the interpretation of the highest state court, binds a federal court sitting in habeas corpus. *See Hicks v. Feiock*, 485 U.S. 624, 629-30 & n.3 (1988). Petitioner presents no data, let alone persuasive data, that the California Court of Appeal's conclusion that petitioner's conduct amounted to a violation of California law was contrary to the opinion of the California Supreme Court. Nor could he present such data because the California Supreme Court has held that a pregnancy without medical complications may constitute great bodily injury. *Cross*, 45 Cal. at 66. Consequently, the California Court of Appeal's determination that the pregnancy may constitute great bodily injury under California law is binding on this court on federal habeas review. Thus, petitioner's claim of insufficient evidence to support his great bodily injury enhancement fails, and he is not entitled to federal habeas relief.

**CONCLUSION**

For the foregoing reasons, the petition for a writ of habeas corpus is **DENIED**.

Rule 11(a) of the Rules Governing Section 2254 Cases now requires a district court to rule

5

on whether a petitioner is entitled to a certificate of appealability in the same order in which the petition is denied. Petitioner has failed to make a substantial showing that his claims amounted to a denial of his constitutional rights or demonstrate that a reasonable jurist would find the denial of his claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Consequently, no certificate of appealability is warranted in this case.

The clerk shall enter judgment and close the file.

**IT IS SO ORDERED**.

DATED: February   12  , 2015

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE